**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MATT GARCIA,<br><br>Plaintiff,<br>v.<br><br>ROWAN WILSON, *et al.,*<br><br>Defendants. | Case No. 3:26-cv-00271-SLG |

**ORDER OF DISMISSAL UPON SCREENING**

On July 21, 2026, self-represented litigant Matt Garcia (Plaintiff) filed a civil complaint against Rowan Wilson, Michael Rosenthal, Vanessa Fang, and Kevin McClanahan (Defendants) and an application to waive prepayment of the filing fee.[1] Plaintiff's Complaint consists of a single typewritten page and contains only two sentences: "Defendants have undisclosed interests. The court should order them to disclose."[2]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e). A district court must dismiss a case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the complaint is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[3]

---

[1] Dockets 1-2.

[2] Docket 1.

[3] 28 U.S.C. § 1915(e)(2).

Here, Plaintiff's filings were mailed in an envelope reflecting a return address in South Carolina and a New Jersey postmark.[4] The enclosed Application to Waive the Filing Fee is incomplete.[5] Plaintiff does not identify an employer but attests he has $500 per month in gross pay or wages, $99 in cash or a bank account, and monthly expenses of $500, all without further detail.[6] Likewise, Plaintiff's Complaint contains only "naked assertions devoid of further factual enhancement."[7] The Complaint fails to state a claim because it does not allege any injuries traceable to any particular Defendant's conduct that a court could possibly resolve. Additionally, the Complaint lacks any basis upon which the Court can establish it has personal jurisdiction over the named Defendants or could be considered a proper venue for this action.[8]

Moreover, federal courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious.[9] Plaintiff has

---

[4] Docket 1 at 2.

[5] Docket 2.

[6] Docket 2.

[7] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[8] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[9] *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (1995) (noting that a district court may dismiss a complaint that merely repeats pending or previously litigated claims under 28 U.S.C. § 1915); *see also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are

filed identical complaints against the same four Defendants in numerous other district courts.[10] In at least one of those cases, mail sent to Plaintiff at his address of record—which is identical to the address he provided in this case—was returned to that court as undeliverable.[11] Although the Notice of Electronic filing confirming receipt of Plaintiff's fillings in this case has yet to be returned the Court, this case appears to be part of a larger trend of malicious litigation instituted by Plaintiff in the federal courts in the past year.[12]

Having reviewed and considered the filings in this case, the Court finds that this case must be dismissed as frivolous. The Court further finds that allowing leave to file an amended complaint would be futile.[13] Therefore, this case must be DISMISSED. **Plaintiff is cautioned against bringing legally or factually**

---

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted).

[10] *See, e.g.*, *Garcia v. Wilson, et al.,* Case Nos. 3:26-cv-00559 (D. Nev. 2026); 2:26-cv-2516-DJC (E.D. Cal. 2026); 3:26-cv-00559-MMD-CLB (N.M. 2026); 1:26-cv-1302 (C.D. Ill. 2026); 1:26-cv-000146 (S.D. Ga. 2026); 26-cv-00595 (M.D. Ala., 2026); 26 cv-00734 (E.D. Ark. 2026); 26-cv-02414 (D. Kan. 2026); 26-cv-00445 (N.D. Okla. 2026).

[11] Case No. 8:26-cv-00352, Docket 4 (Neb. 2026).

[12] Such pleadings generally contain only two or three sentences, alleging vague misdeeds by three or four defendants, and reflect out-of-state return addresses that are likely fictitious, as the envelopes are postmarked in New York or New Jersey, and mail sent to the provided addresses is frequently returned as undeliverable. *See, e.g., Clark v. Rosenthal, et al.*, Case No. 3:26-cv-00179; *Ventura v. Vella-Marrone, et al.*, Case No. 3:26-cv-00189; *Hartman v. Golden, et al.*, 3:26-cv-00207; *Anderson v. D'Auguste, et al.*, Case No. 3:26-cv-00231; *Ford v. Bichotte-Hermelyn, et al.*, Case No. 3:26-cv-00188; *Mendez v. Hill-Kearse, et al.*, Case No. 3:26-cv-00193; *Dowling v. Komiteei*, Case No. 3:26-cv-00197; *Adams v. Jimenez*, Case No. 4:26-cv-00008; and *Duffy v. Ally, et al.*, Case No. 3:26-cv-00222.

[13] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

**unsupported claims in the District of Alaska.** While a federal court may act with some leniency toward those without legal training, Plaintiff is not excused from the rules that govern court proceedings.[14] Self-represented litigants and attorneys must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[15] Failure to do so may result in the imposition of sanctions authorized by law.[16]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk shall issue a final judgment and close this case.

DATED this 2nd day of September, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[14] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[15] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[16] *See* Rule 11 of the Federal Rules of Civil Procedure.


Case 3:26-cv-00271-SLG Document 3 Filed 09/02/26 Page 4 of 4